# CIRCUIT COURT OF THE CITY OF SALEM

Frontier Salem, L.L.C.

v.

John M. Khan,
a/k/a M. J. Khan

August 25, 2011

Case No. CL10-173

By Judge Robert P. Doherty, Jr.

Plaintiff Landlord leased a section of its strip mall to a small corporation to open a restaurant. In order to induce the Landlord to enter into the lease, a guaranty agreement was signed by two guarantors who contracted to pay all of the lease obligations the small corporation incurred if it defaulted on the terms of its lease, up to a maximum limit. The tenant defaulted, and Landlord sued Defendant Guarantor.

Both parties differ on their interpretation of the guaranty agreement. Plaintiff says Guarantor owes for all of the tenant's debts, to include remodeling costs, late payments, advertising for a new tenant, the rental difference from the new to the old lease, and attorney's fees, all of which he defines as rent. Guarantor argues that the term rent means only the fixed monthly rental payments. He also claims that his obligation is only for a few months missed rent and nothing more.

It is the Court's duty to give effect to the intention of the parties as expressed in the language of their contract. *Rash v. Hilb, Rogal & Hamilton Co.*, 251 Va. 281, 286 (1996). However, that language must be clear, unequivocal and definite. It must not be subject to multiple interpretations. It must not be ambiguous. Language is ambiguous when it is of doubtful import, when it admits of being understood in more ways than one way, when it admits of two or more meanings, or when it refers to two or more things at the same time. *Galloway Corp. v. S. B. Ballard Constr. Co.*, 250 Va. 493, 502 (1995). The combined arguments of both sides define ambiguity and point directly to it in the contract.

The guaranty contract contains the statement that "Guarantor's guaranteed payment obligations set forth herein shall not exceed an amount

greater than two (2) years of Rent." Guarantor claims that this language limits his total liability for the obligations of the tenant to an amount equal to two years of rental payments and nothing more. Landlord counters by pointing out that the last numbered paragraph of the guaranty agreement says: "Capitalized terms which are not separately defined in this Guaranty shall have the same meanings as such capitalized terms are given in the Lease." They contend that since the word "Rent," as used in the guaranty agreement, begins with a capital letter, it is to be understood in the guaranty agreement as defined in the lease. The definition of "rent" in the lease includes any sums that could be possibly owed under the contract to the Landlord by the tenant. The maximum limits of the Guarantor's obligation would then be determined by using a formula and the Landlord's contractual definition of rent.

Nothing in the guaranty agreement or the lease defines the term capitalized, although it is capitalized in the guaranty. Many other words are capitalized in the guaranty that are not defined in the lease. The word capitalized is defined as a process used to determine market value of operating income. *T. B. Venture, L.L.C. v. Arlington County*, 280 Va. 558, 561 (2010). It is defined as maintaining adequate funds to run a business. *Dana v. 313 Freemason, A Condo. Ass'n*, 266 Va. 491 (2003). Capitalized interest is interest not expensed but treated as an asset and amortized in financial statements. *Short Pump Town Ctr. Cmty. Dev. Auth. v. Hahn*, 262 Va. 733 (2001). A review of the meanings of "capitalize" in *Webster's New World Dictionary* (College ed. 1966) presents nine separate definitions for the word. The first six definitions and the ninth definition deal with the accounting and business principles of capitalizing business enterprises, supplying capital, calculating the present value of a periodic payment, use for profit, total corporate liability, and to set up expenditures. The seventh definition is to print or write a word all in capital letters. The eighth definition is to begin a word with a capital letter. Plaintiff Landlord contends that this eighth definition is the one he intended when he drafted the guaranty agreement.

Twelve words in the guaranty agreement are written in all capital letters and multiple words are capitalized. None of words written in all capital letters are defined in the lease. Words with their first letter capitalized appear more than one hundred times in the guaranty agreement. Less than five of those capitalized words are defined in the lease. Just as the word "capitalized," as used in the guaranty is subject to multiple interpretations, so is the word "rent." The lease agreement actually defines rent differently than it defines monthly rental. It is possible to read the word "rent" as construed by Landlord to include all money ever owed to it by the tenant. It is also possible to read it to include only the fixed monthly rent, which is one of the positions taken by Guarantor.

Because the guaranty agreement is subject to more than one meaning, the portion of the contract that limits the top end of the Guarantor's liability is ambiguous. Landlord had the opportunity to make the guaranty agreement clear and understandable. He did not do so. He chose instead to use his own special definition of the meaning of the term "rent." He placed that definition in a different document than the one signed by the Guarantor and then made an easily misunderstood and ambiguous reference to it in the guaranty agreement.

In the event of ambiguity in the written contract, such ambiguity must be construed against the drafter of the agreement. *Mahoney v. Nations Bank of Va.*, 249 Va. 216, 222 (1995). Since Landlord drafted the guaranty agreement, it will be construed against him. The Guarantor's alternate construction of the guaranty agreement to mean that his maximum liability is limited to the value of two years rent as defined by this agreement is accepted by the Court as the intent of the parties. That means that Guarantor's maximum liability under the guaranty agreement is capped at $4,300.00 per month for twenty-four months, or $103,200.00. Guarantor's other argument limiting his liability to certain months of actual or reduced rent payments is rejected.